UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20592-ALTMAN

**VALTSHIA LASHAWN DENISE ANGLIN**,

    *Plaintiff*,

v.

**CHILDNET**, *et al.*,

    *Defendants.*
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, Valtshia Anglin, has filed a Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 12] in her lawsuit against (1) ChildNet; (2) the Florida Department of Children and Families; (3) Jodi Ann Williams; (4) Tahnese Veer; (5) Diane Rufud; and (6) Yolanda Johnson. Because the Plaintiff has failed to establish our subject-matter jurisdiction over her case—and since the Amended Complaint [ECF No. 11] is an impermissible shotgun pleading—we **DENY** the Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis* ("IFP") and **DISMISS** the Amended Complaint **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file a second amended complaint and a new motion for leave to proceed IFP. **But this will be her last chance**.

### BACKGROUND

The Plaintiff is a Broward County resident who is no stranger to the Southern District of Florida. Indeed, this is just one of *eight lawsuits* she has filed in our District since 2022. This case appears to arise from a police visit to her home, her short-term commitment to a mental-health facility, and the possible commitment of her son to a government agency. *See* Amended Complaint at 6, 11. We

use imprecise language in describing the Plaintiff's claims because the Amended Complaint is composed of several different documents,[1] none of which include clear articulations of (1) the nature of the dispute, (2) who is involved, or (3) the specific relief the Plaintiff is seeking. For example, under "Statement of Claim," the Plaintiff writes: "I told the caseworker I was never involuntarily Baker Acted. So that don't be on my record or stop me from getting my kids. So the right thing can be done. She want me to talk to someone about in complaint, something that never happened."[2] *Id.* at 4. Similarly, under "Relief," she says: "Caseworker doesn't talk to me about my kids health. In attachment." *Ibid.* And, in her "Motion Statement" (a separate document), the Plaintiff writes:

> I was never involuntarily Baker Acted on a couple of occasions through Jackson Memorial Health Systems. I have never been diagnosed with adjustment disorder. The Miami Dade police was called to my home for me to make a report and the officer didn't like m[e] or want to make a report because of what I told her. So her started talking to my daughter and then my family came to my home. The officer told me to come outside and she took me to the crazy house. I had a case in court. Case #23-cv-23751[3] and 23-cv-23753[4]. My First Amendment right was violated. So I th[e]n went to file a restraining order on said officers. I was illegally evicted with a case in court now about said Judge and I also made a complaint with the Florida Judicial Qualifications Commission about the abuse of power.

---

[1] These include the Southern District of Florida's form "Complaint for a Civil Case," Amended Complaint at 1–5; a handwritten "Motion Statement," *id.* at 6; scanned images of state-court filings, *id.* at 11; and a text message screenshot, *id.* at 13.

[2] When quoting the Amended Complaint, any errors are in the original.

[3] The Plaintiff filed this case, *Anglin v. Brown*, on September 29, 2023, before Judge Gayles of our District. The allegations had nothing to do with the allegations in this case (to the extent we can make out the allegations in this case). Judge Gayles dismissed the case without prejudice because the Plaintiff had "not provided the Court with any basis to find that it has **federal** subject matter jurisdiction over her claims. Plaintiff may file her claims in state court." Judge Gayles March 1, 2024, Paperless Order [23-cv-23751 ECF No. 6] (emphasis in original).

[4] And the Plaintiff filed this case, *Anglin v. Eden Roc Miami Beach Hotel, et al.*, also on September 29, 2023, and also before Judge Gayles. He dismissed this one because "Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. . . . The Court is unable to discern what claims Plaintiff is attempting to bring in this action and what factual allegations are intended to support each claim against each specific defendant." Judge Gayles Order Dismissing Case [23-cv-23753 ECF No. 4].

*Id.* at 6. Finally, in the excerpts she's submitted of her state-court proceedings, the Plaintiff adds what appear to be some details about her interactions with the police, noting that the officers told her "its ok for them to take me out of my home away for my son then for my son to go to family when I get back my son wasn't home!" *Id.* at 11. That's all we have.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "'leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action,'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their

3

claim. . . . [J]udges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

**ANALYSIS**

**I.     The Plaintiff has failed to establish our subject-matter jurisdiction.**

Our first obligation is "to consider whether a claim falls within [our] subject matter jurisdiction and dismiss the claim if [we] find[ ] [our] subject matter jurisdiction to be lacking." *Anglin v. Brown*, 2023 WL 6461257, at *1 (S.D. Fla. Oct. 4, 2023) (Gayles, J.); *see also Gonzalez v. Thaler*, 556 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). The Amended Complaint meets none of these criteria: The Plaintiff has identified no federal statutes; she has pointed to no federal question; and she has not established our diversity jurisdiction. As to this last point, the Plaintiff has neither provided the Defendants' states of citizenship nor alleged any amount in controversy. *See generally* Amended Complaint. Because the Plaintiff has failed to show that we may exercise our subject-matter-jurisdiction over her case, we must dismiss the Amended Complaint.

**II.    The Amended Complaint is a shotgun pleading.**

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal

4

Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics: *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). And *two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

Here, the Complaint violates Rules 8(a)(2) and 10(b) and falls into the second *Embree* category. Starting with FED. R. CIV. P. 8(a)(2), the Amended Complaint contains no "short and plain statement of the claim." Reading between the lines of what the Plaintiff has given us, *see* Amended Complaint at 6, 11, we surmise that she wants us to do something about her son. But we have no idea where her son is, why he was taken from her, or who has custody of him. And that's not good enough. *See Wade v. Dep't of Veteran Affs.*, 2023 WL 4228182, at *3 (S.D. Fla. June 28, 2023) (Altman, J.) (dismissing a complaint that left the court with "no idea how the Defendants harmed the Plaintiff or why they should be liable to him"). As for FED. R. CIV. P. 10(b), the Amended Complaint's paragraphs aren't "limited as far as practicable to a single set of circumstances." In her "Motion Statement," for example, the Plaintiff mentions her mental-health history, her interactions with the police, her past filings in this District, her First Amendment rights, and an eviction—just to name a few. *See id.* at 6. When

5

"allegations . . . frequently consist of multiple assertions, some of which have no logical connection to one another," needless difficulties arise in "determining which factual allegations are intended to support which claims." *Mendenhall v. Kendall*, 2022 WL 17348974, at *8 (S.D. Ala. Nov. 3, 2022) (Bivens, Mag. J.).

The Amended Complaint also falls into the second category of a shotgun pleading because it "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662. We've already touched on this in our preceding discussion of the "Motion Statement," *see supra* at 5–6, but we see it again in the appended state-court excerpt, which concludes: "I am a single woman trying to and the system feels that's help when I did my part. Where is my DEO money, child support money from 'Willie,' my unemployment money that's on hold. WHY? WHY?" Amended Complaint at 11. We don't know what any of this has to do with anything. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (dismissing a complaint as a shotgun pleading because "a defendant who reads the complaint would be hard-pressed to understand 'the grounds upon which each claim [against him] rests'" (quoting *Weiland*, 792 F.3d at 1322–23)).

\* \* \*

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). But, "[w]hen a plaintiff files a shotgun pleading, a district court must give [her] *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." *Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) (emphasis added). Accordingly, the Plaintiff must refile her claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action

6

into different counts. Along the way, the Plaintiff must (1) explain how she's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend*.

After careful review, then, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Second Motion to Proceed *in Forma Pauperis* [ECF No. 12] is **DENIED**.
2. The Amended Complaint [ECF No. 11] is **DISMISSED without prejudice**.
3. The Plaintiff may file a **second amended complaint** by **April 22, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. **We will not accept any filings after April 22, 2024.**
4. In the meantime, this case remains administratively **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on March 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Valtshia Lashawn Denise Anglin, *pro se*